**Omar LAH, Petitioner,**

v.

**DEPT OF JUSTICE, Respondent.**

No. 04–5803–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Khagendra Gharti–Chhetry, Chhetry & Associates, P.C., New York, N.Y., for Petitioner.

Terry Fox, Assistant United States Attorney, for Troy A. Eid, United States Attorney for the District of Colorado, Denver, CO, for Respondent.

Present: PIERRE N. LEVAL, GUIDO CALABRESI and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Petition is **GRANTED,** the order of the Board of Immigration Appeals ("BIA") is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings.

Petitioner Omar Lah, a native and citizen of the Republic of the Congo, seeks review of the October 21, 2004 decision of the Board of Immigration Appeals ("BIA") affirming the July 8, 2003 decision of Immigration Judge ("IJ") Phillip Morace denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Omar Lah,* No. A95 870 425 (B.I.A. Oct. 21, 2004), *aff'g* No. A95 870 425 (Immig. Ct. N.Y. City July 8, 2003). Lah petitions for relief on the ground that he has a reasonable fear of future persecution if returned to the Republic of the Congo. We assume the parties' familiarly with the facts of this case, its procedural history, and the decisions below.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard, meaning that the IJ's findings must be upheld "unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B) (codifying this standard). We will, however, vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Issues of law and the application of law to fact are reviewed *de novo. Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

Here, the IJ asserted, without elaboration, that "respondent himself was never persecuted in [the] Republic of Congo." The IJ may have based this on the fact that Petitioner was never physically harmed by the assailants who killed his father. If so, however, the IJ was incorrect; we have held that a child who sees the corpses of his massacred family may thereby have experienced persecution. *See, e.g., Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) (per curiam). Therefore, if this was the basis of the IJ's decision, his failure even to consider that possibility here is error.

The IJ may, instead, have based his holding on the conclusion that Petitioner had not submitted sufficient evidence that there was "a pattern or practice of persecution in individuals ... because of their ethnic affiliation." In this respect, the IJ noted that Petitioner himself did not know why his father was killed and did not seek to supplement the record with statements from his mother or brother, who may have had more direct knowledge. If this was the basis of the IJ's decision, this finding, too, is flawed. Petitioner stated in unmistakable terms that, while he did not himself know why his father was killed, his mother told him that his father was killed because of his father's and his own ethnic affiliation. The IJ having found Petitioner subjectively credible, we must take as true his assertion that this is what his mother said. Under the circumstances, it is hard to understand why he would need to supplement the record with an additional statement by his mother.

We therefore conclude that the IJ erred in finding no past persecution. That means that the IJ's finding that Petition-

**384**

er's testimony could not "support ... the objective components" of a well-founded fear of future persecution is also flawed. A finding of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). The IJ applied no such presumption. Accordingly, we cannot say that a remand to remedy the IJ's errors would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

█ Additionally, the IJ asserted that Petitioner could have safely relocated within the Republic of the Congo. This finding was based on nothing more than an observation that Petitioner's tribe is "part of a larger ethnic group called the Congo, which is the majority ethnic group" in the country. But it is certainly not unheard of for minority groups to oppress majorities. If Petitioner has demonstrated past persecution, then the Government bears the burden of proving that he could have relocated, 8 C.F.R. § 208.13(b)(1)(ii), and the Government has offered no evidence to that effect here. Hence, the IJ's relocation finding, too, was erroneous.

Accordingly, we GRANT the petition for review, VACATE the judgment of the BIA, and REMAND to the BIA for further proceedings.